UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


PJUANA M. HARGRETT,

    Plaintiff,

vs.                                   Case No. 3:07-cv-420-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.
_____

**OPINION AND ORDER**[1]

**I.  Status**

    Pjuana M. Hargrett is appealing the Social Security Administration's denial of her claim for Disability Insurance Benefits.  Her alleged inability to work is based on arthritis of her right knee.  Transcript of Administrative Proceedings (Tr.) at 62.  Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) William H. Greer in a Decision entered on May 25, 2006.  *Id.* at 12C, 12I, 12J.  Claimant has exhausted the available administrative remedies and the case is properly before the Court.

---

    [1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #21).

On appeal, she asserts "the weight of the evidence does not support the ALJ's finding of a modified sedentary residual functional capacity." Plaintiff, Pjuana Hargrett's Memorandum in Support of Her Complaint (Doc. #18; Memorandum) at 10 (emphasis and capitalization omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

Claimant argues the ALJ improperly "found that [she] retained the ability to perform a restricted range of sedentary work." Memorandum at 10. Apart from mentioning she "has had a long history of pain . . . and . . . has undergone several surgeries to the right knee," Plaintiff focuses on "the opinions of [her] treating orthopaedist, Dr. Raul Zelaya." *Id.*

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *see also Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Further, the weight afforded a treating doctor's opinion must be specified along with "any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to

disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41. ALJs, however, may not simply substitute their own judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

Plaintiff focuses on two sets of opinions offered by Dr. Zelaya. *See* Memorandum at 11. In 2004, the physician opined that Ms. Hargrett could neither stand, walk, nor sit for a full hour during an eight-hour work day. *See* Tr. at 197. Subsequently, in 2006, he determined she could stand for half an hour, walk an hour, and sit two hours. *See id.* at 246. Additionally, he determined on both occasions she should perform no squatting. *Id.* at 198, 246. The judge, on the other hand, found Plaintiff was "able to stand and/or walk for up to 2 hours[,]" "sit for about 7 hours[,]" and "occasionally . . . crouch[.]" *Id.* at 12F (emphasis omitted). The ALJ acknowledged, however, that standing and walking could not occur "more than 15 minutes at one time" and "she must have the

freedom to stand [from a sitting position] to loosen up every 30 minutes for 1 or 2 minutes." *Id.* (emphasis omitted).

The judge gave "little weight" to "[t]he residual functional capacity by Dr. Raul Zelaya [from] July 2004[.]" *Id.* at 12G. He pointed out the doctor had

> stated the claimant could operate foot controls. This is inconsistent with knee pain and loss of the ability to stand or walk for less than 1 hour. He also stated she should perform minimal reaching above the shoulder level and it is not known what this limitation is based upon. Granted, there is some evidence the claimant had right wrist tendonitis but the same record indicates it was resolved. The claimant also had neck pain as the result of an accident, but that was much later than the date on this residual functional capacity.
>
> . . . .
>
> The Administrative Law Judge agrees with Dr. Zelaya that the claimant cannot tolerate a job which requires prolonged standing, walking or sitting. However, she is able to sit at least 7 of 8 hours so long as she is also able to get up and move around every 30 minutes. This is reasonable. Certainly her knee will become stiff in any one prolonged position, but as long as she has the freedom to move about at least every half-hour, she should be able to tolerate a sedentary job. Dr. Zelaya noted she should do no prolonged standing or walking and this is supported by all of the evidence. He also stated she should not have to climb stairs constantly and this, too, is supported by the evidence. For obvious reasons she should not crawl or kneel as that requires use of the knees.

*Id.* (citations to record omitted).

Claimant does not directly address the judge's rationale. Instead, she argues that "multiple physical examinations and multiple diagnostic techniques (such as x-rays and tinel's sign tests) support Dr. Zelaya's conclusions[, which] are not

contradicted by the examining medical providers[.]" Memorandum at 11. Specifically, "Dr. [Charles H.] Shaw concurs that Plaintiff suffers from severe pain and limited mobility because of her overall medical condition; his report dated December 7, 2003 showed a limited range of motion for Plaintiff's right knee and pain reported at 9/10." *Id.* (citation to record omitted). Since "Dr. Zelaya's opinion is uncontested and well supported[,]" Ms. Hargrett asserts, "it should be controlling in this case." *Id.*

Based on the arguments presented, Plaintiff has failed to convince the Court the ALJ was required to accept the residual capacity opinions of Dr. Zelaya. As mentioned, she does not attack the judge's reasoning. Thus, his statements as to the doctor's inconsistencies stand undisputed. Further, Claimant does not explain how the medical records support Dr. Zelaya's particular conclusions. In December 2003, Dr. Shaw reported that an "[x]-ray of [her] right knee reveal[ed] normal findings" along with evidence of prior surgery. Tr. at 185.[3] More x-rays, in November 2004, "failed to reveal any abnormalities or dislocation of the polyethylene insert[.]" *Id.* at 217; *see also id.* at 12G. Another report from the same month states x-rays "of the right knee . . . failed to reveal any fracture or dislocation of the structures and the total knee replacement arthroplasty seems to be

---

[3] The alleged onset date of disability is September 22, 2003. *See id.* at 47.

intact." *Id.* at 221. Moreover, even if some tests are generally indicative of problems, it is not clear how they would compel acceptance of the degree of limitation opined by Dr. Zelaya.

As to Claimant's unclarified assertion that examinations are supportive of the doctor's opinions, the Court is likewise unpersuaded. Dr. Zelaya wrote, as a "clinical finding[] . . . in support[,]" that "swelling of the [right] knee is almost constant." *Id.* at 196 (July 2004) (capitalization omitted). Yet, in October 2004, her joints were described by another practitioner as "free in movement, without signs of inflammation or fluid[.]" *Id.* at 201. Additionally, Dr. Zelaya apparently believed Plaintiff could perform "[c]lerical jobs[.]" *Id.* at 241; *see also id.* at 12G. While his opinion on vocational matters is of limited value, this advice appears to stand in contrast to the doctor's claims regarding functional capacity.

Under the circumstances, it has not been shown the ALJ erred with regard to the opinions of Dr. Zelaya. The Commissioner's decision will, therefore, be affirmed.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of July, 2008.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and pro se parties, if any